Smith Estate

*Thomas E. Weaver*, for accountant.

COYNE, P. J., December 18, 1962.—The court has before it for audit the first and final account of the National Bank of Catasauqua, now The First National Bank of Allentown, administrator c. t. a. of the estate of Edwin J. Smith, deceased.

Edwin J. Smith died testate on October 2, 1959. His will dated December 30, 1958, was probated before the Register of Wills of Lehigh County on October 7, 1959. Letters of administration c. t. a. were duly granted to The National Bank of Catasauqua, now The First National Bank of Allentown.

Testator left to survive him his widow, Edith S. Smith, who elected to take against the will, and a daughter, Alta Verna Smith McCasland, erroneously designated in the will as Alta Verna McCasland Smith. Testator's son, J. E. B. Smith, pre-deceased testator leaving to survive him his wife, Eleanor M. Smith, and a daughter.

In his will, testator bequeathed the sum of $2,000 to Samuel Deiley, properly known as Samuel Deily, and a like sum to Grace Rigline, properly known as Grace Rigeline, said sums to be paid 12 months after the death of testator and his wife. Next, testator bequeathed "twenty thousand dollars worth of reduction mortgages" to his daughter-in-law, Eleanor M. Smith, "twelve months after the death of myself and my wife." Finally, testator directed that his "entire estate is to remain intact during the life of my wife, Edith S. Smith, and she is to receive the income. After the demise of myself and my wife I bequeath the balance of my estate to my daughter and her heirs." . . .

When testator's widow elected to take against the will, the condition attached to the payment of the pecuniary legacies to Samuel Deily and Grace Rigeline was removed. Those bequests were, therefore, accelerated into ordinary, unconditional pecuniary bequests. Nor did the family agreement wherein payment of those bequests was postponed until after adjudication of the within account alter the situation, since neither Deily nor Grace Rigeline were parties to that agreement. Consequently, these legacies fell within the operation of section 753 (a) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.753 (a), and the court is of the opinion that the pecuniary legatees are entitled to interest on their legacies at the rate of three percent per annum from one year after the death of decedent, i. e., from October 2, 1960, to the date of payment. Since the legatees are responsible to the estate for their proportionate shares of death taxes and have not paid the same, the accountant is now deducting from the gross amount of each pecuniary legacy the portion of the death taxes attributable thereto. In calculating the interest due the pecuniary legatees, we feel that interest should be figured on the net legacies. In each instance the legacy, after deducting death taxes, amounts to $1,540.83 and the interest thereon from October 2, 1960, to December 18, 1962, to $102.08. This interest shall be paid out of income. Consequently, each of the pecuniary legatees will be awarded a total of $1,642.91 in cash.

The proposed distribution of the balance of income amounting to $1,216.80 is also subject to adjustment. First of all, the balance for distribution must be reduced by $204.16, the amount of interest awarded to the two pecuniary legatees, to $1,012.64. Secondly, we are of the opinion that under the facts of this case the income earned on the money earmarked for Eleanor M. Smith should be paid to her. After deducting the

portion of the death taxes attributable to the share alloted her by the family agreement aforementioned, namely $20,000, the net distribution to Eleanor M. Smith amounts to $17,818.39. The accountant has furnished the court with a calculation disclosing that income in the amount of $784.70 is directly traceable to the investment of those monies to be paid to Eleanor Smith. After deducting the accountant's commission of $39.24, the net income from these funds amounts to $745.46. This sum will, therefore, be awarded to Eleanor M. Smith out of the income remaining.

By reason of the foregoing, the residue of income available for distribution to the residuary legatees amounts to $267.18 and in light of the provisions of the family agreement awarding one-third of the principal to Edith S. Smith and two-thirds to Alta McCasland, this income will be similarly divided and awarded. Thus Edith S. Smith will receive $89.06 and Alta McCasland $178.12.